**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

PHIL OTIS CROSS, SR.
ADC #132774                                                                                              PLAINTIFF

V.                                          5:08CV00061 SWW/JTR

CORRECTIONAL MEDICAL SERVICES, INC.,
and DR. ROLAND ANDERSON                                                                     DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

      3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is currently incarcerated at the Delta Regional Unit of the Arkansas Department of Correction ("ADC"), has commenced this *pro se* § 1983 action alleging that Defendants Correctional Medical Services, Inc., and Dr. Roland Anderson have failed to provide him with adequate medical care for a hernia. *See* docket entries #2 and #8. Defendants have filed a Motion to Dismiss and a Brief in Support arguing that this case should be dismissed, without prejudice, because Plaintiff has failed to fully and properly exhaust his administrative remedies prior to commencing this action. *See* docket entries #50 and #51. Plaintiff has filed a Response and a Brief in Support. *See* docket entries #54 and #55. For the reasons set forth herein, the Court recommends that the Motion be granted, and that this case be dismissed, without prejudice.[1]

---

[1] The Court is mindful that a motion to dismiss should be granted if, assuming the truth of the factual assertions made in the complaint, a plaintiff has failed to state a viable claim as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).

## II. Discussion

The Prison Litigation Reform Act provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock,* 127 S.Ct. 910, 923 (2007);[2] *see also Woodford v. Ngo*, 126 S.Ct. 2378, 2385-87 (2006). Importantly, the Eighth Circuit has clarified that the PLRA requires inmates to: (1) *fully* and properly exhaust their administrative remedies as to each claim mentioned in the complaint; and (2) *complete* the exhaustion process *prior* to filing an action in federal court. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).

In their Motion to Dismiss, Defendants argue that Plaintiff failed to fully exhaust his

---

Specifically, the plaintiff must assert facts that affirmatively suggest, beyond the speculative level, that he or she is entitled to relief, and mere factual conclusions or a formulaic recitation of the elements of the cause of action are insufficient. *Twombly*, 127 S. Ct. at 1964-66 (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

[2] In *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007), the Court emphasized that: "There is no question that exhaustion is *mandatory* under the PLRA and that unexhausted claims cannot be brought in court." (Emphasis added.)

administrative remedies prior to commencing this action on March 7, 2008.[3]  *See* docket entries #2, #50, and #51.  This argument is well taken.

Plaintiff has provided the Court with numerous informal resolutions and grievances that he did not appeal to the highest level within the ADC, which is an appeal to the ADC Deputy/Assistant Director.  *See* docket entries #14, #15, #30, #54, and #55.  In contrast, Plaintiff did obtain final appellate rulings on grievances JC-08-00014, JC-08-00015, JC-08-00024, and JC-08-00039. *See* docket entry #54, attachments.  However, the final appellate rulings on those four grievances were rendered on April 14, 2008, which was more than *one month after* Plaintiff commenced this action on March 7, 2008.  *Id.; see also* docket entry #2.  As previously mentioned, it is well settled that an inmate must complete the exhaustion process *prior* to commencing an action in federal court. *See Johnson*, 340 F.3d at 627; *Graves*, 218 F.3d at 885.  Accordingly, this case should be dismissed, without prejudice.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.    Defendants' Motion to Dismiss (docket entry #50) be GRANTED, and that this case be DISMISSED, WITHOUT PREJUDICE, due to Plaintiff's failure to timely and properly exhaust his administrative remedies.

---

[3] To fully exhaust administrative remedies within the ADC, an inmate must: (1) file an informal resolution; (2) file a grievance if the informal resolution attempt is unsuccessful; (3) appeal the denial of that grievance to the Warden; and (4) appeal the Warden's decision to the ADC Deputy/Assistant Director.  *See* ADC Adm. Dir. 07-03 § IV(E) through (G) (August 6, 2007)

      2.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 23rd day of July, 2008.

                                                          /s/ J. Thomas Ray
                                UNITED STATES MAGISTRATE JUDGE